[No. 20879.   Department Two.   May 10, 1928.]

EMMA BUCHAN, *Respondent*, v. J. F. KNIGHT *et al.,*
*Appellants*.[1]

[1] APPEAL (371)—REVIEW—CORRECT DECISION BASED ON ERRONEOUS
GROUND. The denial of a motion to vacate a default judgment,
on the erroneous ground that the judgment could not be attacked
on motion, will nevertheless be sustained if correct on any
ground.

[2] APPEAL (272)—RECORD—AFFIDAVITS. The denial of a motion,
based on affidavits to vacate a default judgment, regular on its
face, for want of any service of process, must be affirmed where
the evidence introduced at the hearing was not brought up by
a timely statement of facts.

Appeal from an order of the superior court for
King county, Jones, J., entered April 11, 1927, dis-
missing a motion to quash service of process, in an
action upon contract.   Affirmed.

*J. F. Knight*, for appellants.

*McClure & McClure* and *Walter S. Osborn*, for re-
spondent.

FULLERTON, C. J.—On December 24, 1925, the re-
spondent, Buchan, began an action against the ap-
pellants, Knight, to recover upon a promissory note.
Summons was duly issued on the complaint, and the
return of service shows that it, together with the com-
plaint, was served by leaving copies thereof at the
house of their usual abode with a person of suitable
age and discretion, then resident therein.   Neither of
the appellants appeared in the action, and judgment
was entered against them as by default on February
15, 1926.   On February 8, 1927, the appellants, pur-
porting to appear specially, filed a written motion to

[1]Reported in 267 Pac. 43.

quash the service, reciting in the motion that neither of the appellants was ever served with the summons and complaint in the action, and reciting further that the motion was based on affidavits filed therewith and on the files of the court. The respondent appeared and resisted the motion, filing counter-affidavits. Thereafter a hearing was had on the motion, at which oral evidence was taken. The court, at the conclusion of the hearing, denied the motion. It refused, however, to pass upon the question of fact involved, holding that, since the judgment was regular upon its face, it could not be attacked by motion, but must be attacked by some mode of attack recognized by law for setting aside judgments for causes extrinsic of the record. It is from the order that the appeal is prosecuted.

[1, 2] The trial court based its conclusion that the judgment could not be attacked by motion on the case of *Atwood v. McGrath,* 137 Wash. 400, 242 Pac. 648; and we think it possible, as the appellants contend, that the court misinterpreted the effect of that decision. But if we so conclude, it does not follow that its order was erroneous. This court will not reverse a valid order, merely because a wrong reason is given to sustain it. If, therefore, it be granted that the question the appellants sought to raise can be raised by motion, we are then confronted with the inquiry whether the evidence introduced at the hearing justifies a finding that there was not a sufficient service. These facts the appellants have not brought before us. While they prepared a statement of facts and caused it to be certified by the trial judge, it was prepared and certified too late to permit us to consider it under our uniform rule.

On the face of the record, the judgment attacked is regular. Not only does the return of service on file

show a proper and regular service of the summons and complaint, but the judgment itself so recites. No cause appears, therefore, for modifying or reversing the order of the court from which the appeal is taken. Affirmed.

MAIN, HOLCOMB, and ASKREN, JJ., concur.